UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TRIMAC TRANSPORTATION, INC., | § § § | |
| *Petitioner* | § § | CIVIL ACTION |
| v. | § § | NO.: 2:26-CV-2234-JDC-TPL |
| FREEDOMTRUCKS OF AMERICA, LLC, FREEDOMTRUCKS HOLDINGS, LLC, AND JW NELSON TRANSPORTS, INC. | § § § § § | JUDGE  JAMES D. CAIN, JR.  MAG. JUDGE THOMAS P. LEBLANC |
| *Respondents* | § § § | |

### ORDER AND JUDGMENT CONFIRMING ARBITRATION AWARD

Before the Court is Trimac Transportation, Inc.'s Petition to Confirm Arbitration Award. [Doc. 1]. Trimac filed its Petition on June 26, 2026 seeking confirmation of the final arbitration award issued by Judge Carl Ginsberg on June 22, 2026 in ICDR Case No. 01-25-0001-1756. Respondents FreedomTrucks of America, LLC, FreedomTrucks Holdings, LLC, and JW Nelson Transports, Inc. were properly served with Summonses and the Petition on June 29, 2026. [Docs. 6, 7, 8]. On July 24, 2026, Respondents filed a pleading entitled "Answer and Affirmative Defenses". [Doc. 10]. On July 30, 2026, Trimac filed its Reply in Support of Petition to Confirm Arbitration Award. [Doc. 11].

The Federal Arbitration Act, 9 U.S.C. §§ 1-16, applies to arbitration agreements in contracts involving interstate commerce. *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 273, 115 S. Ct. 834, 839, 130 L. Ed. 2d 753 (1995). "Arbitration proceedings are summary in nature to effectuate the national policy favoring arbitration, and they require 'expeditious and summary hearing, with only restricted inquiry into factual issues.'" *Legion Ins.*

1

*Co. v. Ins. Gen. Agency, Inc.,* 822 F.2d 541, 543 (5th Cir. 1987) (quoting *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 22, 103 S.Ct. 927, 940, 74 L.Ed.2d 765 (1983)). Petitions to confirm arbitration awards must "be made and heard in the same manner provided by law for the making and hearing of motions." *Rampart Aviation, LLC v. Humes McCoy Aviation, Inc.,* No. 21-23575-CIV, 2022 WL 22832839, at *2 (S.D. Fla. Apr. 25, 2022). An oral hearing is not required. *Legion Ins. Co.,* 822 F.2d at 543. Accordingly, the Petition too Confirm is ripe for determination.

The FAA expressly requires that a motion to confirm "must" be granted "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. For this reason, "a court's confirmation of an arbitration award is usually routine or summary." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002); *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986). Judicial review of an arbitration award is "extraordinarily narrow." *Antwine v. Prudential Bache Secur., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990) "Confirmation is required unless there are grounds for vacatur, modification, or correction. As the Supreme Court has explained, there 'is nothing malleable about "must grant," which unequivocally tells courts to grant confirmation in all cases, except when one of the "prescribed" exceptions applies.'" *Ashton v. PJ Louisiana, Inc.*, No. CV 19-901, 2020 WL 1068161, at *2 (W.D. La. Mar. 3, 2020) (quoting *Hall Street Assocs.,* 552 U.S. at 587)).

Respondents have raised no grounds for modification, correction, or vacatur. Their pleading makes no mention of modification or correction at all and, as to vacatur, it says only that "to the extent applicable as to any facts that may arise and out of an abundance of caution, Defendants assert the enumerated defenses outlined in La. R.S. 9:4210 and all other doctrines of

2

*vacatur*." La. R.S. 9:4210, though inapplicable here, is almost identical to 9 U.S.C. § 10, under which vacatur is on order only:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

"The party challenging the enforcement of [an] arbitration award has the burden of proof." *21st Fin. Servs., L.L.C. v. Manchester Fin. Bank*, 747 F.3d 331, 336 (5th Cir. 2014). Any doubts or uncertainties must be resolved in favor of upholding such an award. *Cooper v. WestEnd Cap. Mgmt., L.L.C.*, 832 F.3d 534, 544 (5th Cir. 2016).

Even treating Respondents' reference to the Louisiana statute as an invocation of the FAA's section 10, Respondents have not set forth a claim, much less carried their burden of proving, that the award was procured by corruption, fraud, or undue means; that Judge Ginsberg was partial, corrupt, or guilty of misconduct or misbehavior; or that Judge Ginsberg exceeded or imperfectly executed his powers.

Accordingly, having considered the Petition, the arbitration agreement, the Final Arbitration Award, Respondents' pleading in opposition, and Petitioner's Reply, the Court finds that Petitioner is entitled to confirmation of the award.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. Petitioner's Petition to Confirm Arbitration Award is **GRANTED**;

2. The Arbitration Award issued on June 22, 2026 in favor of Petitioner and against Respondents is **CONFIRMED** in all respects;

3. **FINAL JUDGMENT** is hereby entered in favor of Petitioner, Trimac Transportation, Inc., and against Respondents, FreedomTrucks of America, LLC, FreedomTrucks Holdings, LLC, and JW Nelson Transports, Inc, in the principal amount of $271,378.10 together with post award interest at the rate of 6.75% per annum until paid in full; and

4. Respondents are liable jointly, severally, and in solido for the Judgment.

This is a **FINAL JUDGMENT**. The Clerk of Court is directed to close this case.

**THUS DONE AND SIGNED** in Chambers this 31st day of July, 2026.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**